Carpenter *v.* State.

## CARPENTER *v.* STATE.

CRIMINAL LAW. *Misdemeanor in office. Indictment for profanity.* In order to dismiss a justice of the peace from his office for profanity, etc., he must be indicted for the particular offense, and as a justice of the peace for a misdemeanor in office. An indictment against him as a private citizen will not support such a verdict.

Code cited: Sec. 4817, 18*a*.

### FROM MADISON.

Appeal from the Circuit Court. GIDEON B. BLACK, Judge.

BLAIR & TOLLET for Carpenter.

ATTORNEY-GENERAL HEISKELL for the State.

SNEED, J., delivered the opinion of the court.

The plaintiff in error was indicted in the Circuit

Court of Madison county for the offense of profanity.
He appeared and pleaded guilty and threw himself
upon the clemency of the court, whereupon a fine of
five dollars and the costs were adjudged against him.
The clerk made a memorandum of the fine upon his
blotter, but before its entry upon the minutes of the
court a case was called for trial in which the plain-
tiff in error was the prosecutor, and upon the trial
thereof the fact was developed that in the course of
the difficulty which led to the latter case, the plain-
tiff in error was drunk, and was guilty of very un-
becoming conduct in the use of vulgar and profane
words, and otherwise. The fact was also developed
that he was at the time an acting justice of the peace
for the county of Madison. The court thereupon di-
rected the clerk to embody in the judgment already
rendered upon his indictment for profanity the further
order that the plaintiff in error be dismissed from his
office as a justice of the peace, which was accordingly
done.

This was error. The statute makes such a state
of drunkenness, as to incapacitate a judicial, ministerial
or executive officer for a proper and rational discharge
of the duties of his office, a misdemeanor in office, and
upon an indictment or presentment for such an offense
he may be convicted and dismissed from office, and
be disqualified by the judgment of the court from ever
holding office under the Constitution and laws of this
State: Code, 4817, 4818a; Thompson & Steger.
And this wholesome statute applies in its terms to all
officers alike. But the offender must be indicted for

the particular offense, and indicted as an officer. The Constitution provides that misdemeanors in office by a justice of the peace shall be punished by indictment: Art. 5, sec. 5.

The plaintiff in error was indicted as a private citizen for profanity, and not as a justice of the peace for a misdemeanor in office.

The judgment of dismissal from office was therefore erroneous, and the plaintiff in error is entitled to resume the functions of his office.

Reverse the judgment.